# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT M. STEWARD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GUITEREZ, et.al.,<br><br>　　　　Defendants. | Case No.: 1:18-cv-00928-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF Nos. 8, 9] |

Plaintiff Robert M. Steward is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 19, 2018, the Court screened Plaintiff's complaint, found that Plaintiff failed to state a cognizable claim, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 8.) Over thirty days passed, and Plaintiff failed to respond to the Court's order. Therefore, on August 27, 2018, the undersigned ordered Plaintiff to show cause within fourteen days why the action should not be dismissed. (ECF No. 9.) Plaintiff has failed to respond to the Court's August 27, 2018 order, and the time to do so has expired.

///

///

///

1

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted). The Court's July 19, 2018 and August 27, 2018 orders specifically noted that if Plaintiff fails to file to comply and/or respond to the Court's orders the action would be dismissed for failure to state a cognizable claim for relief. (ECF Nos. 8, 9.) Based on Plaintiff's failure to comply with or otherwise respond to the orders, this action should be dismissed. This action, which has been pending since July 2018, can proceed no further without Plaintiff's cooperation and compliance with the orders at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant action be dismissed for failure to state a cognizable claim under 42 U.S.C. § 1983;

2. The Clerk of Court be directed to terminate this action; and

3. The Office of the Clerk is directed to randomly assign this action to a District Judge.

///
///
///
///
///
///
///

2

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan,</u> 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 25, 2018**

UNITED STATES MAGISTRATE JUDGE