| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| ROBERT M. STEWARD,<br><br>          Plaintiff,<br><br>    v.<br><br>GUITEREZ, et. al.,<br><br>          Defendants. | No. 1: 18-cv-00928-DAD-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REOPEN THIS ACTION<br><br>(Doc. No. 20) |

      Plaintiff Robert M. Steward is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On December 20, 2018, the undersigned issued an order adopting findings and recommendations and dismissing the action, without prejudice, due to plaintiff's failure to exhaust his administrative remedies prior to filing suit as required. (Doc. No. 18.) Judgment was entered on December 20, 2018. (Doc. No. 19.)

      On February 1, 2019, plaintiff filed a "motion to proceed" in this case (Doc. No. 20), which the court construes as a request to reopen this action. Therein, plaintiff states that the California Department of Corrections and Rehabilitation ("CDCR") has failed to respond to his attempt to exhaust administrative remedies and therefore, requests that the court proceed with this legal action. (*Id.* at 1.)

/////

1

To the extent plaintiff is seeking to reopen this action, his request must be denied. This case was dismissed on December 20, 2018, without prejudice and judgment was entered. The fact that plaintiff now contends CDCR will not respond to his inmate grievance, even if true, does not warrant reopening the previously filed but since closed action. Rather, the proper course for plaintiff to pursue is to file a new civil rights complaint. *See Rhodes v. Dull*, No. C 03-1836SBA(PR), 2009 WL 839062, at *1 (N.D. Cal. Mar. 30, 2009) (denying prisoner's motion to reopen his civil rights action, which was previously dismissed for failure to exhaust administrative remedies and instructing plaintiff to file a new civil rights complaint). Further, "[i]f Plaintiff chooses to file a new civil rights action, he should describe the history of his prison grievance in sufficient detail to make a *prima facie* case for why proper exhaustion might not be required." (*Id.* at 2.)

However, plaintiff is again informed that he must exhaust all administrative remedies through the highest level of review prior to filing a new civil rights action, and that courts only excuse a failure to exhaust administrative remedies under limited circumstances. The Supreme Court has clarified there are only "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016). The three circumstances are as follows: (1) the "administrative procedure . . . operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the "administrative scheme . . . [is] so opaque that it becomes, practically speaking, incapable of use . . . so that no ordinary prisoner can make sense of what it demands;" and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60 (citations omitted). Other than these exceptions, the mandatory language contained in 42 U.S.C. 1997e(a) "foreclose[es] judicial discretion," and courts cannot excuse a failure to exhaust even in consideration of special circumstances. *Ross*, 136 S. Ct. at 1856-57.

Accordingly,

1. Plaintiff's motion to reopen this closed case (Doc. No. 20) is denied;

/////

2

2. The Clerk of the Court is directed to send plaintiff a blank civil rights form and the application to proceed *in forma pauperis* by a prisoner.

IT IS SO ORDERED.

Dated: **April 8, 2019**

_____
UNITED STATES DISTRICT JUDGE